# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 13, 2018

Lyle W. Cayce
Clerk

No. 17-60542
Summary Calendar

GERARDO RIVERA-VALERINO,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A202 189 367

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Gerardo Rivera-Valerino, a native and citizen of Honduras, petitions for review of a decision of the Board of Immigration Appeals (BIA) affirming the denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

The BIA found Rivera-Valerino ineligible for asylum or withholding of removal because he failed to show that the Honduran government was unable

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60542

or unwilling to help him. *See Shehu v. Gonzales*, 443 F.3d 435, 438 (5th Cir. 2006); *Adebisi v. INS*, 952 F.2d 910, 914 (5th Cir. 1992). Rivera-Valerino waived his challenge to this dispositive finding by failing to address it in his brief, *see Bouchikhi v. Holder*, 676 F.3d 173, 179 (5th Cir. 2012), and, in any event, substantial evidence supports the BIA's determination, *see Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Similarly, substantial evidence supports the BIA's conclusion on Rivera-Valerino's CAT claim—that he neither suffered past torture nor faced a likelihood that the Honduran government would consent to or acquiesce in such treatment. *See* 8 C.F.R. § 1208.18(a); *Chen*, 470 F.3d at 1141–42.

The petition for review is DENIED.